# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH E. SCHULTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-485-JHP-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff Keith Schultz appealed the denial of his request for benefits by the Commissioner of the Social Security Administration. The Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge ("ALJ") for further proceedings. On remand, the Commissioner found the Plaintiff was disabled and awarded him $48,748.80 in past-due benefits, from which his appellate counsel now seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the undersigned Magistrate Judge recommends pursuant to 28 U.S.C. § 636(b)(1)(C) that the Plaintiff's Motion For Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 23] be granted, and that $12,187.20 be awarded to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1).

Section 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for

such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" This 25% limitation is determined irrespective of any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted].

The motion for attorney's fees is timely, *i. e.*, within thirty days of issuance by the Commissioner of the notice of award and thus "within a reasonable time" as required by Fed. R. Civ. P. 60, *see, e. g., Harbert v. Astrue*, 2010 WL 3238958, *slip op.* at *1 n. 4 (E.D. Okla. Aug. 16, 2010) ("[W]hile no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."); *see also McGraw v. Barnhart*, 450 F.3d 493, 504, 505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"), and the request

does not exceed 25% of the past due benefits, *i. e.*, the request is for $12,187.20, which is exactly 25% of the past-due benefits in accordance with the agreement between the Plaintiff and her attorneys. The undersigned Magistrate Judge therefore need only consider the reasonableness of the amount requested. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved; (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[;]" and, (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (fees reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F. 2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney"), and contemporaneous billing records may be considered in determining reasonableness. *See Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record

of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Additionally, the undersigned Magistrate Judge notes that any reference to an award to the Plaintiff under the EAJA as an "offset" against attorneys' fees awarded to the Plaintiff's attorney under Section 406(b) is disfavored. An attorney may not treat the EAJA award as a credit against the Plaintiff's account or otherwise "net out" the EAJA award against any future Section 406(b) award. *See McGraw*, 450 F.3d at 497 n.2 ("Mr. McGraw's counsel . . . sought to fulfill [this obligation] by deducting the amount of his EAJA fee from his SSA fee request, so that the Commissioner would simply make a larger refund to Mr. McGraw. . . . [W]e believe that it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner."). *See also Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the clamant *the amount of the smaller fee*.'"), *quoting* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 (emphasis added); *Hill v. Astrue*, 248 Fed. Appx. 923, 926 n.3 (10th Cir. 2007) ("The proper procedure is for the attorney to make the refund from the § 406(b) award, not to request a smaller § 406(b) award."). Accordingly, the Plaintiff's repeated assertions that her previously-received EAJA fee award is available as some sort of "partial payment" is incorrect.

Based on the factors enunciated in *Gisbrecht*, the undersigned Magistrate Judge concludes that $12,187.20 is a reasonable amount of attorney's fees for the work done in this case. First, the attorney ably represented the Plaintiff in her appeal to this Court and

obtained excellent results on her behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain a total of $3,619.80 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which will essentially reduce any amount awarded from her past-due benefits under Section 406(b). Second, there is no evidence the attorneys caused any unnecessary delay in the proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 17.2 hours of attorney work (plus 3.6 hours of paralegal and intern time) on her appeal. *See* Docket No. 23, Ex. 4. This would equate to a rate of $706.56 per hour for attorney time, which is not excessive given that the fee was contingent and the risk of loss was not negligible. The undersigned Magistrate Judge therefore finds that the requested fee of $12,187.20 is reasonable within the guidelines set by *Gisbrecht*.

The notice of award reflects that the Commissioner withheld $6,000 from the Plaintiff's past-due benefits for payment of attorneys' fees, for payment of the Plaintiff's representative at the agency level. Therefore, the Commissioner may not have sufficient funds on hand to satisfy the $12,187.20 awarded herein, and the Plaintiff's attorney will have to satisfy the award from the Plaintiff himself, not from his past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, it appears from the Plaintiff's brief that at least a portion of the fees awarded under the

obtained excellent results on her behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain a total of $3,619.80 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which will essentially reduce any amount awarded from her past-due benefits under Section 406(b). Second, there is no evidence the attorneys caused any unnecessary delay in the proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 17.2 hours of attorney work (plus 3.6 hours of paralegal and intern time) on her appeal. *See* Docket No. 23, Ex. 4. This would equate to a rate of $706.56 per hour for attorney time, which is not excessive given that the fee was contingent and the risk of loss was not negligible. The undersigned Magistrate Judge therefore finds that the requested fee of $12,187.20 is reasonable within the guidelines set by *Gisbrecht*.

The notice of award reflects that the Commissioner withheld $6,000 from the Plaintiff's past-due benefits for payment of attorneys' fees, for payment of the Plaintiff's representative at the agency level. Therefore, the Commissioner may not have sufficient funds on hand to satisfy the $12,187.20 awarded herein, and the Plaintiff's attorney will have to satisfy the award from the Plaintiff himself, not from his past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, it appears from the Plaintiff's brief that at least a portion of the fees awarded under the

EAJA were diverted to pay a tax debt. *See* Docket No. 23, p. 1. If the Plaintiff's attorneys *did* receive the $3,619.80 previously awarded to the Plaintiff under the EAJA, they must now refund the full amount of that previous award to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986). If the Plaintiff's attorney did not receive the fees awarded under the EAJA fees, there is nothing to refund, and if the Plaintiff's attorney only received a portion of the EAJA fee award, the attorney must refund the amount actually received. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986). The attorneys may not, as the Plaintiff's brief suggests, treat the EAJA award as a credit against the Plaintiff's account or otherwise "net out" the EAJA award against their Section 406(b) award. *See McGraw,* 450 F.3d at 497 n. 2. *See also Gisbrecht,* 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant *the amount of the smaller fee*.'"), *quoting* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 [emphasis added].

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that Plaintiff's Motion For Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 23] be GRANTED, and that the Court award attorney's fees in the amount of $12,187.20 pursuant to 42 U.S.C. § 406(b)(1). Any objection to this Report and Recommendation must be filed within fourteen days. *See* Federal R. Civ. P. 72(b)(2).

**IT IS SO ORDERED** this 1ST day of June, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma